UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-CV-11503-RGS

BENJAMIN EDELMAN

v.

N2H2, INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

April 7, 2003



STEARNS, D.J.

Benjamin Edelman, a computer researcher, seeks a declaratory judgment confirming his claim of a First Amendment right to reverse engineer defendant N2H2, Inc.'s (N2H2) internet blocking software and to publish the results. Edelman alleges that N2H2's program, which is used by schools and libraries to filter websites containing child pornography and other objectionable matter, indiscriminately blocks sites with protected content. Edelman has refused to accept N2H2's licensing agreement, which specifically prohibits reverse engineering of the software and the unapproved disclosure of any proprietary information embedded in the program. According to Edelman, his proposed research:

> will consist of five primary steps: (1) reverse engineering a licensed copy of the blocking program in order to discover what measures prevent access to and copying of the block list; (2) creating and using a circumvention tool to bypass those measures and access the block list; (3) analyzing the block list to determine its accuracy; (4) publishing the results of his analysis and the block list; and (5) distributing his circumvention tool to facilitate other fair and non-infringing uses of the block list.

On September 30, 2002, N2H2 filed a motion to dismiss, arguing that Edelman has failed to plead a justiciable case or controversy. N2H2 argues that Edelman is seeking an advisory opinion as to whether his research will violate the licensing agreement and, by extension, N2H2's rights under the Copyright Act, the Digital Millennium Copyright Act, and trade secrets law. On March 31, 2003, the court heard oral argument.

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" . . . . Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.". . .   Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). N2H2 argues persuasively that Edelman cannot satisfy the first prong of Lujan, which requires an "imminent, not 'conjectural' or 'hypothetical' . . . injury in fact." Edelman argues that there is a likelihood that N2H2 will file suit if he accepts the licensing agreement and then violates its terms by conducting and publishing his research. This may be true, but at the moment, the prospect of a lawsuit is supported only by Edelman's conjecture as to N2H2's intentions.[1] As the Supreme Court stated in Lujan:

> [a]lthough "imminence" is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is "certainly impending,". . . . It has been stretched beyond the breaking point when, as

---

[1] The litigation rumblings in N2H2's quarterly financial reports on which Edelman relies, merely affirm N2H2's intention to defend against Edelman's lawsuit to the fullest extent.

here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control. In such circumstances we have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all.

Id. at 564 n.2.

Edelman relies on New Hampshire Right to Life Political Action Committee v. Gardner, 99 F.3d 8 (1st Cir. 1996), but that case involved a pre-enforcement challenge to a criminal statute. In that situation, "standing exists when 'the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute, and there exists a credible threat of prosecution.'" Id. at 14. Because there is no plausibly protected constitutional interest that Edelman can assert that outweighs N2H2's right to protect its copyrighted property from an invasive and destructive trespass, nor any pending credible threat of a criminal prosecution if he does so, the Gardner case is inapposite. Moreover, the practicalities of this case illustrate the wisdom of the case or controversy rule. The court has no inkling of the exact dimensions of the research that Edelman proposes to undertake and doubts that Edelman does either. Nor does the court have any idea of the full content of what Edelman proposes to publish and thus, the extent to which any such publication might fall within or without the protections of the various laws Edelman cites. Under the circumstances, any advisory opinion the court might give (if it were inclined to do so) would necessarily be of such a general nature as to be unlikely to provide any of the guidance or protection that Edelman seeks.

3

<u>ORDER</u>

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.

SO ORDERED.

UNITED STATES DISTRICT JUDGE